Anna Y. Park, CA SBN 164242
Michael J. Farrell, CA SBN 266553
Gregory L. McClinton, CA SBN 153553
**U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**
Honolulu Local Office
300 Ala Moana Blvd., Room 7-127
Honolulu, HI. 96850-0051
Telephone: (808) 541-3122
Facsimile: (808) 541-3390
E-Mail: gregory.mcclinton@eeoc.gov

Attorneys for Plaintiff
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Kathleen M. Paustian, NV SBN
**GONZALES SAGGIO & HARLAN LLP**
411 East Bonneville Avenue, Suite 100
Las Vegas, NV 89101
Telephone: (702) 366-1866
Facsimile: (702) 366-1945
E-Mail: kathleen_paustian@gshllp.com

Attorneys for Defendants
Black Gaming, LLC., and Casablanca Resort and Casino, LLC.

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>BLACK GAMING LLC, A Nevada Limited Liability Company; and CASABLANCA RESORT & CASINO, A Nevada Limited Liability Company, DBA CASABLANCA RESORT & CASINO.,<br><br>Defendants. | Case No. 2:10-CV-02216-PMP-GWF<br><br>**ORDER** |

## I. INTRODUCTION

1. On October 21, 2010, Plaintiff U.S. Equal Employment Opportunity Commission (referred hereafter as "EEOC" or the "Commission") brought this action against Defendant Black Gaming, LLC, A Nevada Limited Liability Company and Casablanca Resorts and Casinos, LLC, A Nevada Limited Liability Company(referred hereafter as "Defendants" and/or "Black Gaming") alleging that Black Gaming discriminated and retaliated against Mrs. Martha Ray and Alvin Allison (referred hereafter as "Charging Parties") because of their age in violation of the Age Discrimination in Employment Act of 1967, as amended (the "ADEA"), 29 U.S.C. §623(a).

2. This Decree fully and finally resolves claims filed by the EEOC on behalf of itself and Charging Parties in this action against Black Gaming arising from EEOC Charge No. 487-2008-000197 and 487-2008-00255. The Parties further agree that this Decree does not resolve any Charges of discrimination that may be pending with the EEOC against Black Gaming other than the Charge(s) referred to in this paragraph.

## II. JURISDICTION

3. The Court has jurisdiction over the parties and the subject matter of this lawsuit. The Complaint asserts claims that, if proven, would authorize the Court to grant the equitable relief set forth in this Decree.

4.  The terms and provisions of this Decree are fair, reasonable and just. This Decree conforms to the Federal Rules of Civil Procedure and the ADEA and is not in derogation of the rights and privileges of any person.

5.  The Court shall retain jurisdiction of this action for the duration of the Decree for the purpose of entering all orders, judgments, and decrees which may be necessary to implement the relief provided herein.

6.  The parties do not object to the jurisdiction of the Court over this action and waive their rights to a hearing and the entry of findings of fact and conclusions of law.

### III.   RELEASE OF CLAIMS

7.  This Decree fully and completely resolves all issues, claims and allegations by the EEOC against Black Gaming that are raised in the EEOC's Complaint filed in this action in the United States District Court, District of Nevada, captioned *U.S. Equal Employment Opportunity Commission, v. BLACK GAMING LLC; AND CASABLANCA RESORT AND CASINO, LLC*; Case No. 2:10-cv-02216 and further resolves any and all issues and claims by the EEOC *IN RE BLACK GAMING, LLC,* Case No. BK-10-1330101-BAM; Chapter 11, Filed in the United States Bankruptcy Court for the District of Nevada.

//

//

8. Nothing in this Decree shall be construed to preclude any party from bringing suit to enforce this Decree in the event that any party hereto fails to perform the promises and representations contained herein.

9. Nothing in this Decree shall be construed to limit or reduce Defendant's obligation to comply fully with the ADEA or any other federal employment statute.

10. This Decree in no way affects the EEOC's right to bring, process, investigate or litigate other charges that may be in existence or may later arise against Defendant in accordance with standard EEOC procedures.

## IV. DURATION OF DECREE AND RETENTION OF JURISDICTION

11. The provisions and agreements contained herein are effective immediately upon the date which the Decree is entered by the Court ("the Effective Date").

12. The duration of the Consent Decree shall be three (3) years from the Effective Date.

13. The provisions of this Consent Decree shall apply to Defendants operations in the State of Nevada.

14. For the duration of the Consent Decree, this Court shall retain jurisdiction over this action for the purpose of enforcing the provisions of this Consent Decree. Should the Court determine that Black Gaming has not complied with this Decree, in whole or in part, it may impose appropriate relief, including but not limited to

the imposition of costs, attorney fees, or other relief that the Court deems appropriate on Black Gaming.

## V. GENERAL INJUNCTIVE RELIEF

15. Non-Discrimination

Black Gaming, its officers, agents, management (including all supervisory employees), successors, and assigns, and all those in active concert or participation with them, or any of them, are hereby enjoined from: (a) discriminating against individuals on the basis of age in the terms and conditions of employment; (b) engaging in or being a party to any action, policy or practice that is intended or is known to them to have the effect of harassing or intimidating any employee on the basis of age; and (c) creating, facilitating or permitting the existence of a work environment that is hostile toward employees over 40 years of age on the basis of their age.

16. Retaliation

Black Gaming, its officers, agents, management (including all supervisory employees), successors, and assigns and all those in active concert or participation with them, or any of them, are hereby enjoined from engaging in, implementing or permitting any action, policy or practice with the purpose of retaliating against any current or former employee and/or any successors, or either of them, because he or she has in the past, or during the term of this Decree:

a. Opposed any practice made unlawful under the ADEA;

b. Filed a charge of discrimination alleging such practice;

c. Testified or participated in any manner in any investigation (including without limitation, any internal investigation undertaken by the Defendant and/or its successors) or proceeding in connection with this case and/or relating to any claim of a violation of the ADEA;

c. Was identified as a possible witness or claimant in the Action;

d. Asserted any rights under the Decree; or

e. Sought and/or received any relief in accordance with the Decree.

## VI.   SPECIFIC INJUNCTIVE RELIEF

### A.   EEO Compliance Officer

17.   Black Gaming's EEO Compliance Officer shall be its Director of Human Resources. The EEO Compliance Officer shall be responsible for implementing Black Gaming's compliance with the ADEA and with the training provisions of this Decree. The parties agree any enforcement actions brought regarding the provisions of this Decree shall be brought against Defendant Black Gaming and not any individual.

18. The EEOC shall be advised of any proposed changes in the designation of the EEO Compliance Officer thirty (30) days prior of such change. The EEOC and Black Gaming shall use their best efforts to select an EEO Compliance Officer agreeable to both parties.

19. The EEO Compliance Officer's duties shall include the following:

    a. Ensuring that Black Gaming develops procedures to handle complaints of discrimination, harassment and retaliation, and submitting same to the EEOC for its review and comment;

    b. Ensuring that Black Gaming trains managerial and staff/hourly employees on their rights and responsibilities under the ADEA, including, but not limited to, the responsibilities to provide a workplace free of discrimination and harassment;

    c. Ensuring that Black Gaming trains all employees on policies and procedures relating to age discrimination, harassment based on age and retaliation;

    d. Ensuring that Black Gaming monitors and adequately investigates all complaints of age discrimination, harassment based on age and retaliation;

    e. Ensuring that Black Gaming submits reports required by this Decree accurately and timely;

    f. Ensuring that Black Gaming creates appropriate and consistent disciplinary policies to hold employees and managers accountable for failing to

take appropriate action and/or for engaging in conduct prohibited under this Decree;

    g.    Ensuring that Black Gaming creates a centralized system of tracking discrimination, harassment and retaliation complaints.

    h.    Ensuring compliance with the terms of this Decree.

**B.**    <u>**Policies Concerning Discrimination, Harassment and Retaliation**</u>

20. Within sixty (60) days after the Effective Date, Black Gaming shall provide a copy of its policies regarding unlawful age discrimination, harassment and retaliation to the Commission for review and comment. Black Gaming shall:

    a.    Review and revise, if necessary, its procedures to handle complains of discrimination, harassment and retaliation, and submitting same to the EEOC for its review and comment;

    b.    Ensuring and/or revise it's anti-harassment policy and reporting procedure to more effectively carry out its obligations under this Decree;

    c.    Ensuring training of its managerial and staff/hourly employees on their rights and responsibilities under the ADEA, including, but not limited to, the responsibilities to provide a workplace free of discrimination and harassment;

    d.    Ensuring training of all employees on policies and procedures relating to age discrimination, harassment based on age and retaliation;

  e. Monitors and adequately investigates all complaints of age discrimination, harassment based on age and retaliation;

  f. Properly communicates with complainants regarding the complaint procedure, status of the complaint/investigation, results of the investigation, and any remedial action taken;

  g. Submits reports required by this Decree accurately and timely;

  h. Ensure appropriate and consistent disciplinary policies to hold employees and managers accountable for failing to take appropriate action and/or for engaging in conduct prohibited under this Decree;

  i. Review, revise and/or create a centralized system of tracking discrimination, harassment and retaliation complaints.

  j. Ensure that its Nevada managers, supervisors and human resources personnel are held accountable to comply with Black Gaming's EEO and anti-discriminatory policies and procedures; and

  k. Ensure compliance with the terms of this Decree.

### C. <u>Posting</u>

21. Within ten (10) business days after the Effective Date and throughout the term of this Decree, Black Gaming shall post a Notice (attached as Exhibit A ) of the terms of this Decree in a clearly visible location frequented by employees at each of its Nevada Casino and Resort operations.

### D. Training

22. Within sixty (60) days after the Effective Date or sixty (60) days after selection of an Equal Employment Opportunity Compliance Officer ("Compliance Officer"), whichever is later, all Nevada employees of Black Gaming - including, but not limited to, general managers, assistant general managers, managers, assistant managers and individuals who have had or will have management or human resources responsibilities over any employee of Black Gaming operations in Nevada shall be required to attend a training program of at least two (2) hours duration. Additionally, all Black Gaming employees including but not limited to, all general managers, assistant general managers, managers, assistant managers and those individuals who have had or will have management or human resources responsibilities over any of Defendant's employees shall be required to attend trainings of at least two (2) hours duration once every year for the term of this Decree. Any employee who failed to attend such scheduled training shall be trained within (60) days of the training set forth above. For the remainder of the term of this Decree, all new employees shall receive training, as appropriate, within sixty (60) days of hire or promotion.

    a. The training shall include coverage of the subjects of equal employment opportunity rights and responsibilities regarding discrimination under the ADEA, as well as retaliation under the ADEA, Black Gaming's policies and

procedures for reporting and handling complaints of discrimination and retaliation. Additionally, for all individuals who have or will have management or human resources responsibilities over any employee, shall receive training on how to properly handle and investigate complaints of discrimination in a neutral manner, how to take preventive and corrective measures against discrimination and retaliation, and how to recognize and prevent discrimination and retaliation. All individuals required to attend training pursuant to this Decree shall verify their annual attendance in writing.

     b.    Within sixty (60) days after the Effective Date, Black Gaming shall submit to the EEOC a description of the training to be provided and an outline of the curriculum developed for the trainees. Black Gaming shall give the EEOC a minimum of twenty (20) business days' advance written notice of the date, time and location of each training program provided pursuant to this Decree, and agree that an EEOC representative may attend any such training program.

     c.    All trainings under this Decree shall be mandatory. All persons required to attend any training under this Decree shall verify their attendance in writing. Within ten (10) days of the training, Black Gaming shall submit to the Commission a statement describing the training provided and the materials used in the training.

  d. Each newly hired manager, supervisor, employee or agent shall also receive training of the type described above, with the exception that the initial training may be presented via videotape or by other electronic media at the election of Black Gaming. The new employee training shall be provided within thirty (30) days of the new manager, supervisor, employee or agent's commencement date.

### E. Performance Evaluations

23. Black Gaming shall hold its managers, supervisors, and human resources personnel accountable for compliance with Black Gaming's equal employment opportunity and anti-retaliation policies.

### VII. MONETARY RELIEF

24. Black Gaming agrees to pay Martha Ray $30,000 and Alvin Allison $30,000 for a total amount of $60,000.00. This amount reflects the full consideration due to Charging Parties.

25. $1,200.00 of the total amount stated in paragraph 24 to each of the Charging Parties shall be designated as lost wages with appropriate tax and withholdings made. Black Gaming shall issue an IRS Form W-2 for this amount. The remaining $28,800.00 of the total amount due to each Charging Parties stated in paragraph 24 shall be designated as liquidated damages and no tax withholding shall be made. Black Gaming shall prepare and distribute an IRS Form 1099 to each Charging Parties for this amount.

26. Within ten (10) days of the Effective Date, Black Gaming shall mail, via certified mail, checks in the amounts described above made payable to Martha Ray, 916 Cobblestone Drive, Heber, NV 84032 and Alvin Allison, 370 Concord Drive, Mesquite, NV 89027.

27. Within ten (10) days of the Effective Date, a copy of the checks sent above shall be submitted to the Regional Attorney Anna Y. Park, Equal Employment Opportunity Commission, Los Angeles District Office, 255 East Temple Street, 4th Floor, Los Angeles, California 90012.

## VIII.   REPORTING

28. For the duration of the Decree, Black Gaming agrees that it will maintain an employee list of all Nevada employees over the age of forty. This employee list will contain the employees name, address, date of birth, date of hire, telephone number, wage, wage increases and promotions. Black Gaming shall provide this Employee List to the Regional Attorney of the Los Angeles District Office of the U.S. Equal Employment Opportunity Commission at 333 Las Vegas Boulevard, Suite 8112, Las Vegas, Nevada 89101 annually for the duration of this Decree.

29. At the conclusion of six months and the first year of this Decree, Black Gaming shall submit written reports describing its compliance with the terms of this Decree to the Regional Attorney of the Los Angeles District Office of the U.S.

Equal Employment Opportunity Commission at 333 Las Vegas Boulevard, Suite 3118, Las Vegas, NV 89101. The reports shall contain the following information:

 a. The name, business address, telephone number and qualifications of its EEO Compliance Officer who shall ensure compliance with the training provisions of this Decree;

 b. A copy of the Black Gaming's Employee List,

 c. A copy of Black Gaming's Equal Employment and Opportunity Policy and Harassment and Discrimination Policy;

 d. Proof of EEO training to its Nevada employees within 30 days of completion of training including copies of training materials used; and

 e. Provide a log of Nevada human resources manager(s), general managers, managers and assistant managers and supervisors in attendance of EEO training.

 f. Copies of any EEO investigations conducted by Black Gaming regarding complaints of any employees, including the parties involved in the investigation, and resolution, if any.

## IX. COMPLIANCE AND DISPUTE RESOLUTION

30. In the event that the Commission believes that Black Gaming has failed to comply with any provision of this Decree, the Commission shall notify Black Gaming in writing of such belief and afford Black Gaming a reasonable period of not less than ten (10) business days to remedy the alleged non-compliance. If

Black Gaming disagrees, they shall notify the Commission in writing within ten (10) business days. If, after having received notice of failure to comply from the Commission, Black Gaming continues to fail to comply, or notifies the Commission that they disagree with the Commission's belief, the Commission may then apply to this Court for appropriate relief, including but not limited to a resolution of the dispute, a determination of whether Black Gaming is in compliance and, if not, an appropriate order to enforce the provisions of the Decree pursuant to pursuant to paragraph 12 above.

## X.   MODIFICATION AND SEVERABILITY

31.     This Decree constitutes the complete understanding of the parties with respect to the matters contained herein. No waiver, modification or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the parties.

32.     If one or more provisions of the Decree are rendered unlawful or unenforceable, the parties shall make good faith efforts to agree upon appropriate amendments to this Decree in order to effectuate the purposes of the Decree. In any event, the remaining provisions will remain in full force and effect unless the purposes of the Decree cannot be achieved.

33.     By mutual agreement of the parties, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions of this Decree.

## XI. COURT COSTS AND ATTORNEYS' FEES

34. Each party shall bear its own court costs and attorneys' fees.

## XII. COSTS OF ADMINISTRATION AND IMPLEMENTATION OF DECREE

35. Black Gaming shall bear all costs associated with its administration and implementation of this Decree.

Respectfully Submitted By:

                                                    **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
255 E. Temple Street, 4th Floor
Los Angeles, California 90012
ANNA Y. PARK,
Regional Attorney
MICHAEL J. FARRELL
Supervisory Trial Attorney

HONOLULU LOCAL OFFICE
GREGORY L. McCLINTON
Senior Trial Attorney

Dated: ~~November~~ Dec 15, 2010

By: _____
ANNA Y. PARK
Regional Attorney

Dated: November 3, 2010    **GONZALEZ SAGGIO HARLAN, LLP**
411 E. Bonneville Avenue, Suite 100
Las Vegas, Nevada 89101

KATHLEEN M. PAUSTIAN. ESQUIRE

By: _____
Kathleen M. Paustian

1
2  Attorneys for Defendants
3  Black Gaming LLC
   Casablanca Resort and Casino, LLC
4
5  **FOR GOOD CAUSE SHOWN, IT IS SO ORDERED**:
6
7
8
9  Dated: January 21, 2011          By: /s/ Phip M. Pro
10                                  Judge, United States District Court
11 ///
12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23
24
25
26
27
28